T.C. Memo. 2015-82

UNITED STATES TAX COURT

ELROY EARL MORRIS AND DARLENE MORRIS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30167-13.                        Filed April 27, 2015.

Elroy Earl Morris and Darlene Morris, pro sese.

Alissa L. VanderKooi, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, Judge:  With respect to petitioners' Federal income tax for 2011,

the Internal Revenue Service (IRS or respondent) determined a deficiency of

$27,037 and a penalty under section 6662(a)[1] of $5,387.  Petitioners do not dispute

_____

[1]All statutory references are to the Internal Revenue Code in effect for the
tax year at issue, and all Rule references are to the Tax Court Rules of Practice and
Procedure.  We round all monetary amounts to the nearest dollar.

[*2] that they neglected to report $43 of interest income, and the parties filed a posttrial stipulation in which they agreed that petitioners are not liable for any accuracy-related penalty. The sole question remaining for decision is whether petitioners failed to report during 2011 taxable distributions from an individual retirement account (IRA).

## FINDINGS OF FACT

Some of the facts were stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated by this reference. Petitioners resided in Michigan when they petitioned this Court.

Elroy Earl Morris (petitioner) was listed as the primary and sole beneficiary of a traditional IRA owned by his father, George E. Morris. The custodian of this IRA was the Farm Bureau Life Insurance Co. of Michigan (Farm Bureau). During 2010 George E. Morris was receiving monthly distributions of $500 from this IRA. The balance in the account on December 31, 2010, was $96,442.

George E. Morris died on June 4, 2011. On June 15, 2011, petitioner submitted a "Death Claim" to the Farm Bureau requesting a settlement of his father's IRA through the "lump sum option." He attached a form captioned "Federal Income Tax Withholding Notice and Election." This form explained that "the cash distributions you are to receive are subject to withholding of Federal income

[*3] tax, unless you elect not to have income tax withheld." Petitioner checked the box "I elect not to have Federal income tax withheld from my cash distribution." He submitted this form to the Farm Bureau along with his "Death Claim."

The Farm Bureau made and reported two distributions to petitioner from this IRA during 2011. Each was reported on Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. The first Form 1099-R reported a gross distribution of $500, classified as distribution code 7, "normal distribution"; reported $500 as the taxable amount; and reported the tax withheld as $100. The second Form 1099-R reported a gross distribution of $95,484, classified as distribution code 4, "death"; reported $95,484 as the taxable amount and as a "total distribution" from the account; and reported the tax withheld as zero.

Petitioner served as the personal representative of his father's estate. Implementing what he believed to be his father's wishes, he issued checks in July 2011 to two of his siblings in the aggregate amount of $37,000. These funds were derived from the IRA distribution of $95,484 that he received on June 22, 2011.

Petitioner secured assistance from a local law firm in settling his father's estate. A paralegal did most of the work. She informed petitioner that there would be no tax due on the IRA distribution. By this she evidently meant that there

**[*4]** would be no Federal estate tax or Michigan inheritance tax due. But petitioner understood her to mean that no tax of any kind would be due.

Petitioners timely filed a Federal income tax return for 2011. This return did not report either of the IRA distributions as gross income. On September 30, 2013, the IRS sent petitioners a notice of deficiency determining that the IRA distributions constituted taxable income. Petitioners timely petitioned this Court. As the basis for their disagreement with the IRS, petitioners argue that they "do not solely owe this debt and should not be held solely responsible for it."

OPINION

A. Burden of Proof

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving them erroneous. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioners do not contend, and the evidence does not establish, that the burden of proof shifts to respondent under section 7491(a) as to any issue of fact.

B. Taxability of IRA Distributions

Section 61(a) provides that "gross income means all income from whatever source derived." Section 408(d)(1) provides that, "[e]xcept as otherwise provided in this subsection, any amount paid or distributed out of an individual retirement

**[\*5]** plan shall be included in gross income by the payee or distributee." Section 408(d) provides several exceptions to this rule--e.g., for rollover contributions, transfers incident to divorce, and distributions for charitable purposes. See sec. 408(d)(3), (6), (8). There is no exception for distributions to a beneficiary following the death of the account owner.[2]

Petitioner at trial did not seriously dispute that the IRA distributions he received were subject to Federal income tax. Nor did he assert that he was required to transmit the IRA distributions to someone else as a trustee or a mere conduit. See Seven-Up Co. v. Commissioner, 14 T.C. 965, 977-978 (1950). But he contends that it would be inequitable to hold him solely liable for this tax because he voluntarily shared the proceeds with his siblings, from whom he is unlikely to recover anything. He further contends that he was disadvantaged by what he believes to have been erroneous advice from the law firm that assisted him in settling his father's estate.

---

[2]Section 102(a) excludes from gross income "the value of property acquired by gift, bequest, devise, or inheritance." While an inheritance is generally acquired tax free under section 102(a), distributions from inherited IRAs to beneficiaries are included in the gross income of the beneficiaries. See Estate of Kahn v. Commissioner, 125 T.C. 227, 231-232 (2005) (citing sections 408(d)(1) and 691(a)(1)(B)); Murray v. Commissioner, T.C. Memo. 2012-213. Therefore, the distributions petitioners received are not excludable from gross income under section 102(a).

**[*6]** Although petitioner acted honorably in executing what he believed to be his father's wishes, his good conduct has no bearing on whether the IRA distributions were includible in his gross income under the Internal Revenue Code. And whereas the advice he thought he received from the law firm might have affected his liability for the accuracy-related penalty, it is irrelevant in determining the taxable status of the distributions themselves. We thus find that petitioners failed to include in their gross income for 2011 taxable distributions totaling $95,984 from an IRA.

To reflect the foregoing,

Decision will be entered for respondent as to the deficiency and for petitioners as to the section 6662(a) penalty.